IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTONIO JERIDO,                          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )    CASE NO. 2:24-cv-12-RAH-SMD
                                         )              [WO]
OTTO MCDOWELL,                           )
                                         )
            Defendant.                   )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Otto McDowell's *Motion to Dismiss*. (Doc. 36.)  The motion has been fully briefed and is ripe for decision.  For the following reasons, the motion is due to be GRANTED.

## FACTS AND PROCEDURAL HISTORY

On May 14, 2018, Plaintiff Antonio Jerido, an inmate serving a life sentence for murder in the Alabama Department of Corrections, was injured during transport to the Elmore County Jail when his seat flipped completely over inside a prison transport van due to it being improperly secured.  (Doc. 30 at ¶ 6.)  Defendant Otto McDowell, a Deputy Sheriff employed at the Elmore County Sheriff's Office, was driving the prison transport van at the time of the incident.  (Doc. 30 at ¶ 8.)  According to Jerido, who was restrained, he was "pressed upside down with his chin pressed into his chest," trapped between the flipped seat and the back door of the prison van.  (Doc. 30 at ¶¶ 7, 9, 11.)  As the transport continued its journey, Jerido continued to be slammed inside the back of the transport van.  (Doc. 30 at ¶ 12.)

McDowell did not stop the van once Jerido was injured and "never called for [] Jerido to receive medical treatment when made aware of Jerido's injuries."

(Doc. 30 at ¶ 9.)  Instead, McDowell continued driving the remaining few miles to the Elmore County Jail.

As a result of the incident, Jerido injured his neck, head, right shoulder and back areas.  (Doc. 30 at ¶ 8.)  Once at the jail, Jerido informed jail staff that he was injured.  (Doc. 30 at ¶ 10.)  But apparently, he was not medically treated, at least to his satisfaction.

Nearly five years later, on January 10, 2023, medical professionals told Jerido that "it has been discovered from the van accident [that Jerido] has permanent and long-term injuries."  (Doc. 30 at ¶ 17.)

Jerido initially filed a lawsuit on January 18, 2019 concerning the van incident and his medical treatment.[1]  (*See Jerido v. Henline*, Case No. 19-cv-60, M.D. Ala.) McDowell was named as a defendant in that case, as were various other individuals. That case was dismissed on March 7, 2022.  His subsequent appeal to the Eleventh Circuit Court of Appeals was dismissed as well.

Jerido filed his action on January 10, 2024 against many of the same defendants as in his first action, including McDowell.  (Doc. 1.)  Then, on March 8, 2024, Jerido filed an amended complaint.  (Doc. 7.)  And on May 8, 2024, Jerido filed a Second Amended Complaint, the operative pleading, that removed all previous defendants from the case, except for McDowell.[2]  In the Second Amended

---

[1] The Court "may take judicial notice of publicly filed documents, such as documents filed in other cases." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015); *see also* Fed. R. Evid. 201(b).  However, this Court "take[s] judicial notice of [the 2019 case] not for the truth of the matters asserted in the [2019 case], but rather to establish the fact of such litigation and related findings." *Auto Owners Ins. Co v. Morris*, 191 F. Supp. 3d 1302, 1304 (N.D. Ala. 2016).

[2] Under Fed. R. Civ. P. 15, a plaintiff may amend his pleading once as a matter of right within 21 days after serving it, and then subsequently only if he seeks leave of court or receives written consent from the defendant(s).  Jerido did neither.  And had this Court not ordered McDowell to respond to the Second Amended Complaint, the Court was well within its power to strike the pleading due to its procedural defects.  However, "[t]here is no prohibition on the Court granting leave to amend sua sponte where the Court finds it warranted." *Lechter v. Aprio, LLP*, Case No.

Complaint, Jerido alleged that McDowell had violated Jerido's Eighth and Fourteenth Amendment rights by using excessive force (Count I), committed an assault and battery (Count II), intentionally inflicted emotional distress (Count III), and was negligent (Count IV), all stemming from the May 18, 2019 van ride.

McDowell has filed a motion to dismiss arguing, among other things, that the statute of limitations bars Counts I, III, and IV.  In response, Jerido argues that Count II was filed within the statute of limitations.  Jerido does not address whether Counts I, III, and IV are time-barred.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555.)

A defendant may raise a statute of limitations defense on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the complaint shows on its face the applicable limitation period has run. *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).  In considering a motion to dismiss under 12(b)(6), the Court

---

1:20-cv-1325-AT, 2020 WL 13594805, at *2 (N.D. Ga. Sept. 3, 2020).  McDowell argues that the procedural defects are grounds for dismissal, citing only Fed. R. Civ. P. 15.  They are not.  The Court has discretion to strike such a pleading, not dismiss the action outright for failure to comply with Fed. R. Civ. P. 15.  *See, e.g., Hazelwood v. Foundation Fin. Group, LLC*, Case No. 07-171-WS-B, 2007 WL 1628305, at *1 (S.D. Ala. June 1, 2007).  Nevertheless, the Court elects not to entertain this argument because the Second Amended Complaint was allowed per Order dated May 14, 2024, and the Second Amended Complaint is due to be dismissed anyways.

tests the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

## DISCUSSION

McDowell argues that Counts I (excessive force), III (negligence), and IV (intentional infliction of emotional distress) are time-barred and should be dismissed. Excessive force claims brought under § 1983 are subject to a two-year statute of limitations in Alabama. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that § 1983 claims look to the general state-law limitations statute for personal injury actions); *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) ("Alabama law creates a two-year statute of limitations for personal injury actions." (citing Ala. Code § 6-2-38)); *Bicknell v. Elmore Cnty. Sheriff's Office*, Case No. 2:23-cv-185-RAH-CSC, 2023 WL 6308079, at *1 (M.D. Ala. Aug. 10, 2023) (stating that the statute of limitations for a § 1983 claim based on excessive force is two years in Alabama). A claim accrues for purposes of the statute of limitations on the date of the injury-causing event. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

In response, Jerido only addresses whether Count II (assault and battery) is timely. (Doc. 39 at 10, 14.) Under Alabama law, Jerido is correct that state-law assault and battery claims are subject to a six-year statute of limitations. Ala. Code § 6-2-34. However, he does not address whether his federal excessive force claim is time-barred.

A failure of a party to respond or oppose a pending motion may constitute abandonment of the claims at issue in that motion. *See, e.g., Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1329 (11th Cir. 2000); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion to dismiss result in dismissal of those claims as abandoned); *Barnes v. AstraZeneca*

*Pharm.*, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017) (same). Since Jerido has not responded to McDowell's arguments that his sole federal claim—Count I for excessive force—is time-barred, Count I has been abandoned.

But even if he had not abandoned the claim, the claim is time-barred regardless. The Second Amended Complaint makes clear that Jerido is suing McDowell because McDowell was the driver of the van that allegedly caused injury to Jerido on May 14, 2018. The Second Amended Complaint also makes clear that Jerido suffered injuries on that date. As such, his cause of action under § 1983 for excessive force accrued on that date and had to be filed within two years. That Jerido did not know the full extent or permanency of his injuries does not toll the statute of limitations or create a new cause of action. A § 1983 claim accrues—and the statute of limitations begins to run—when "the injured party knows or should know (1) that he has suffered the injury that forms the basis of a claim and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283. "Typically, a claim premised on the use of excessive force begins to run at the time the alleged force was used." *Id. See also Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (per curiam) (concluding that plaintiff's excessive force claim accrued at the time he was allegedly beaten). As Jerido suffered injuries from McDowell's actions on May 14, 2018, the statute of limitations period expired on May 14, 2020, almost four years before this action was initiated. Accordingly, Count I is time-barred.

Since Count I is due to be dismissed, all that remains is Jerido's state-law claims. McDowell argues for dismissal of these claims as well, asserting the statute of limitations and other grounds. Because Jerido's sole federal claim will be dismissed, the Court elects not to exercise jurisdiction over the remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.");

*see also Baggett v. First Nat'l Bank of Guntersville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); *Ingram v. School Bd. of Miami-Dade Cnty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (per curiam) ("Where . . . a court has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial."). Accordingly, Jerido's state-law claims will be dismissed without prejudice.

## CONCLUSION

It is therefore **ORDERED** that Defendant's *Motion to Dismiss* (doc. 36) is **GRANTED** as follows:

1. Count I of the Second Amended Complaint is **DISMISSED WITH PREJUDICE.**

2. Counts II, III, and IV are **DISMISSED WITHOUT PREJUDICE.**

A separate final judgment will follow.

DONE, on this the 1st day of July 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE